IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**DOROTHY M. SELDON**                                                                              **PLAINTIFF**

**VS.**                              **CASE NO. 3:08CV000033**

**RICK JOHNSON**                                                                                 **DEFENDANTS**

**ORDER**

Pending before the Court is defendant's Motion to Dismiss and plaintiff's response. For the reasons stated below, the motion is denied (#32).

Plaintiff filed her complaint seeking damages and a jury trial on March 3, 2008, contending that she had been wrongfully evicted from her home. At the same time, plaintiff sought leave to proceed *in forma pauperis* and appointment of counsel. Because of her request for *in forma pauperis* status, the Court was required to screen her complaint to determine whether the action was frivolous, malicious, or failed to state a claim. *See* 28 U.S.C. § 1915(e).

After reviewing her original complaint, the Court gave plaintiff 10 days in which to amend her complaint to explain which, if any, of her federal rights were violated. Plaintiff filed an amended complaint on March 17, 2008 which consisted of the complaint and documents associated with her complaint filed with the Department of Housing and Urban Development alleging race and disability discrimination in violation of the Fair housing Act.[1]

---

[1] According to these documents, the complaint was processed by the Arkansas Fair Housing Commission.

The documents contained handwritten notations rebutting the Commission's decision to deny plaintiff's claims and a brief summary of her claims against defendant. On April 22, 2008, plaintiff filed an amendment to her complaint in which she states that she is was discriminated against because she was a female and that she wants to be reimbursed by defendant. In this same pleading, plaintiff stated that she had been told to bring the complaint in federal court by the Fair Housing Commission.

Defendant contends that plaintiff's statement regarding the Fair Housing Commission reflects that she is only bringing the complaint because she was told to do so and that it is impossible to determine exactly what allegations are being made or what relief plaintiff is actually seeking. Plaintiff responds by stating that she wants to proceed to trial unless the case settles.

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). The Court must liberally construe plaintiff's *pro se* complaint. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972) (*per curiam*).

On a motion to dismiss, the Court must accept all factual allegations in the pleadings as true and view them in the light most favorable to the nonmoving party. *Hastings v. Wilson*, 516 F.3d 1055 (8th Cir. 2008). Moreover, materials attached to the complaint may be considered when construing sufficiency of complaint on motion to dismiss. *See Meehan v. United Consumers Club Franchising Corp.*, 312 F.3d 909, 913 (8th Cir. 2002).

Based upon the pleadings and attachments, and assuming all the facts as true, plaintiff has stated claims of race, gender, and disability discrimination in violation of the Fair Housing Act and she has given notice to defendant that she is seeking damages in the form of reimbursement. *See* Fair Housing Act, 42 U.S.C. § 3604(a) & (b); *Neudecker v. Boisclair Corp.*, 351 F.3d 361 (8th Cir. 2003) (disability harassment in the housing context is actionable under the FHA; citing favorably *DiCenso v. Cisneros*, 96 F.3d 1004, 1008 (7th Cir. 1996); *Honce v. Vigil*, 1 F.3d 1085, 1088-90 (10th Cir.1993); *Williams v. Poretsky Mgmt.*, Inc., 955 F.Supp. 490, 495-96 (D.Md.1996)) for the proposition that sexual harassment causes a hostile housing environment).

IT IS SO ORDERED THIS 11 day of   September  , 2008.

_____
James M. Moody
United States District Judge